IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA CARELLAS, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 3-23-CV-01062-JFS |
| | : | |
| GEISINGER WYOMING VALLEY MEDICAL CENTER, | : | |
| | : | |

### DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Geisinger Wyoming Valley Medical Center ("Defendant" or "Geisinger"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, and hereby responds to the Complaint (Doc. 1) of Plaintiff, Anna Carellas ("Plaintiff" or "Carellas").

The numbered paragraphs of this Answer correspond with the like-numbered paragraphs of Plaintiff's Complaint[1] and, unless specifically admitted herein, each factual averment in Plaintiff's Complaint is denied.

### INTRODUCTION

1. Admitted in part; denied in part. It is admitted only that Plaintiff is female. Defendant is without information or knowledge sufficient to form a belief

---

[1] Plaintiff begins renumbering her Paragraphs at the beginning of each Section. For ease of reference, Defendant will mirror the numbered paragraphs utilized by Plaintiff. For clarity going forward, in any subsequent filings with this Honorable Court, Defendant will reference the Paragraphs of Plaintiff's Complaint and Defendant's Answer with both the Section and Paragraph number.

as to the truth of Plaintiff's religion or the current status of Plaintiff's nursing license and the same are, therefore, denied with strict proof demanded. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial. By way of further response, it is specifically denied that Defendant violated any laws with respect to Plaintiff's employment.

2. Admitted in part; denied in part. It is admitted only that Defendant has a location at the enumerated address. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

## JURISDICTION AND VENUE

3. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

4. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

## I.   ALLEGATIONS OF FACT

1.  Admitted in part; denied in part. It is admitted only that Plaintiff was hired by Defendant as a Registered Nurse following her graduation from nursing school. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

2.  Admitted in part; denied in part. It is admitted only that Defendant revised its mandatory vaccine policy to include the vaccination against COVID-19 and that Defendant permitted exemptions to its mandatory vaccine policy for medical and religious reasons. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

3.  Admitted in part; denied in part. It is admitted only that Plaintiff requested and was granted a religious exemption to Defendant's mandatory vaccine policy, and that, as part of the accommodation for the exemption, Plaintiff agreed to submit to bi-weekly COVID-19 testing. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

4.  Admitted in part; denied in part. It is admitted only that Plaintiff was not required to submit to bi-weekly COVID-19 testing for a temporary period of time and that Defendant clearly communicated the testing requirements to Plaintiff. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

5.  Admitted in part; denied in part. It is admitted that Defendant sent a COVID-19 testing reminder email to all employees with an exemption to the mandatory vaccine policy, including Plaintiff, in or around December 2021. It is also admitted that Plaintiff received notifications of her failure to comply with the bi-weekly COVID-19 testing on or around January 6, 2022 and January 13, 2022. It is further admitted that Plaintiff failed to submit the results of a COVID-19 test on three required testing days. Defendant is without information or knowledge sufficient to form a belief as to the truth as to what Plaintiff expected and, therefore, Defendant denies the same and leaves Plaintiff to her proofs. The remaining averments of this paragraph are denied and strict proof thereof is demanded at trial.

6.  Admitted in part; denied in part. It is admitted only that Plaintiff's sister worked as a Geisinger employee and that she retrieved her COVID-19 testing supplies from Defendant. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, in part, because such averments are vague as to time, place, and persons, and, therefore, Defendant denies the same and leaves Plaintiff to her proofs.

7.  Admitted in part; denied in part. It is admitted only that Plaintiff failed to submit the results of her COVID-19 testing on three required testing days and that Plaintiff was separated from employment with Defendant on or about January 17, 2022. Defendant is without information or knowledge sufficient to form a belief as

to the truth as to Plaintiff's feelings and, therefore, Defendant denies the same and leaves Plaintiff to her proofs. The remaining averments of this paragraph are also denied and strict proof thereof is demanded at trial.

8. Admitted in part; denied in part. It is admitted only that Plaintiff sent email correspondence to Erin Winn regarding her termination on or about January 17, 2022. It is denied that Plaintiff made any allegations of discrimination in her January 2022 emails. The remaining averments of this paragraph refer to written documents that speak for themselves and Plaintiff's characterizations of the same are denied. Any remaining averments of this paragraph are also denied and strict proof thereof is demanded at trial.

9. Admitted in part; denied in part. It is admitted only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 30, 2022, and that the EEOC issued Plaintiff a Notice of Right to Sue on or about September 29, 2022. Defendant is without information or knowledge sufficient to form a belief as to the truth of whether the EEOC conducted an investigation and, therefore, Defendant denies the same and leaves Plaintiff to her proofs.

10. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the

averments are specifically denied and strict proof thereof is demanded at the time of trial.

11. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

## II. CLAIMS FOR RELIEF

### COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Defendant hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

2. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

3. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

4. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the

averments are specifically denied and strict proof thereof is demanded at the time of trial.

5. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff for attorney's fees and costs, and such other and further relief as is deemed appropriate.

## COUNT TWO – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT P.L. 744, No. 222 § 1[2]

1. Defendant hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

2. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

3. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the

---

[2] The Pennsylvania Human Relations Act ("PHRA") is at 43 P.S. §§ 951-963.

7

averments are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff for attorney's fees and costs, and such other and further relief as is deemed appropriate.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c) and without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a *prima facie* claim in support of each and every cause of action set forth or purported to be set forth in her Complaint and she will be unable to establish the necessary elements in support of each such cause of action at trial.

## SECOND AFFIRMATIVE DEFENSE

All actions taken by Defendant relative to Plaintiff's employment were based on lawful, legitimate, non-discriminatory, and non-retaliatory business factors and were not based on the illegal factors alleged by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendant maintains policies against discrimination, harassment, and/or retaliation and a reasonable and available procedure for handling complaints thereof which provide prompt and effective responsive action. These policies were clearly and adequately communicated to Plaintiff. Defendant has exercised reasonable care to prevent and correct promptly any unlawful discriminatory, harassing, and/or retaliatory behavior. To the extent Plaintiff failed to exercise reasonable care in avoiding the alleged harm under Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies and procedures by minimizing or otherwise availing herself of these policies and procedures, Plaintiff's claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was afforded all rights due to her under Title VII and the PHRA and was not subjected to harassment, discrimination or retaliation.

## FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were due to her own acts or omissions, not the acts or omissions of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth any cause of action against Defendant upon which damages and her respective prayers for relief may be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in compliance with the law at all times with respect to Plaintiff's employment and upheld all statutory obligations imposed upon it, if any, with respect to Plaintiff's employment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to aver facts sufficient to support a claim for compensatory, punitive or other damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages and/or fails to aver facts sufficient to support a claim for damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not permitted by law to recover any damages which are not permissible or authorized under the statutes under which Plaintiff is asserting her claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to harassment, discrimination, or retaliation by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant has not violated any of Plaintiff's rights or harmed or damaged her in any way and is not liable to Plaintiff for any reason in any amount.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the after-acquired evidence doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to comply with any of the applicable procedural requirements and/or to the extent they are untimely filed.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

> Respectfully submitted,
>
> BUCHANAN INGERSOLL & ROONEY PC
>
> By: /s/ *Anthony (T.J.) Andrisano*
> Anthony (T.J.) Andrisano (ID #201231)
> Alyssa L. Kuhl (ID # 324468)
> 409 N. Second Street, Suite 500
> Harrisburg, PA 17101
> Phone: (717) 237-4800
> Facsimile: (717) 233-0852
> Email: anthony.andrisano@bipc.com
> Email: alyssa.kuhl@bipc.com
> *Attorneys for Defendant*

Dated: July 24, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing *Answer with Affirmative Defenses* was transmitted to the Court electronically for filing and for electronic service upon the following attorney of record this 24th day of July, 2023.

Daryl Kipnis, Esquire<br>
Kipnis Law Offices<br>
280 Medford-Mt. Holly Rd.<br>
Medford, NJ 08055<br>
*Counsel for Plaintiff*

/s/ *Krista M. Kiger*
Krista M. Kiger
Paralegal