Daryl Kipnis, Esq.
Kipnis Law Offices
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
732-595-5298
daryl@kipnislawoffices.com
*Attorney for Plaintiff*

Anthony (T.J.) Andrisano, Esq.
Alyssa K. Stouder, Esq.
Buchanan Ingersoll & Rooney PC
409 North Second Street
Harrisburg, PA 17101
717-237-4968
anthony.andrisano@bipc.com
alyssa.stouder@bipc.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA CARELLAS,<br>　　　Plaintiff<br><br>　　　v.<br><br>GEISINGER WYOMING VALLEY<br>MEDICAL CENTER,<br>　　　Defendant | ) CASE NO. 3-23-CV-01062-MEM<br>)<br>)<br>)<br>)<br>) JUDGE MALACHY E. MANNION<br>)<br>)<br>)<br>) |

JOINT CASE MANAGEMENT PLAN

### 1. Principal Issues

　　1.1　Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

*Plaintiff was hired as a Registered Nurse with Defendant in August of 2021. This was Plaintiff's first job as a Registered Nurse in her career. Shortly thereafter, in October of 2021, Defendant announced a mandate that its employees be vaccinated for COVID-19. Plaintiff thereafter requested a religious accommodation from said vaccination requirement, which Defendant advised her was granted. As a condition of said accommodation, Plaintiff was to submit to regular COVID-19 testing to be supplied and/or administered by Defendant. Plaintiff thereafter received a temporary medical exemption from said testing requirement by Defendant due to COVID-19 infection. On or before the time that said testing medical exemption had expired, Plaintiff repeatedly inquired to Defendant as to how she may begin testing, received conflicting information as to whether Defendant's "COVID Compliance Department" or "Employee Health Department" would administer the testing accommodations, and sought clarification from Defendant, but instead was told that she was "non-compliant" on January 6, 2022. At the time Plaintiff finally learned where she may pick up testing supplied, January 15, 2022, Defendant terminated her employment (Defendant claimed she was "deemed to have resigned" her position effective January 17, 2022, but Plaintiff had absolutely no intention of doing so at any time). Plaintiff thereafter complained to Defendant that she had been the victim of employment discrimination. Defendant's Human Resources manager, Ms. Erin Winn, informed Plaintiff that the termination still stood, however, insinuated that Plaintiff could re-apply if she was "fully vaccinated" (in other words, did something to violate and/or compromise her religious beliefs), otherwise, there would "need to be a long discussion about testing accommodations."*

*Plaintiff contends that Defendant essentially created conditions which made it impossible for her to comply with the religious accommodation from vaccination it purportedly granted to her, leading to her termination, and subsequent insinuation that she may be re-hired if she violated or acted inconsistently with her religious beliefs and became vaccinated. Same demonstrate the apparent existence of discrimination by Defendant against individuals such as Plaintiff who requested accommodations from Defendant's vaccination requirements on the basis of their sincerely held religious beliefs. Plaintiff therefore seeks relief under Title VII of the Civil Rights Act and analogous state law under theories of "failure to accommodate," "disparate treatment," "quid pro quo," and "retaliation."*

By defendant(s):

Plaintiff alleges that she was subjected to discrimination in the course of her employment with Geisinger. Specifically, she claims that Geisinger failed to engage in the interactive process with her regarding a religious accommodation request and terminated her employment due to her religion. Defendant vehemently denies Plaintiff's allegations.

Geisinger maintains a mandatory vaccination policy for its healthcare providers for the safety of coworkers, patients, and the general public. In 2021, Geisinger revised its mandatory vaccination policy to include the COVID-19 vaccine in light of the COVID-19 pandemic. Geisinger allowed medical and religious exemptions to its mandatory vaccination policy. It developed a testing program for all employees with approved exemptions to the COVID-19 vaccine. Employees participating in the testing program were required to submit the results of a COVID-19 test twice a week. Participants were advised and agreed that three missed testing dates would be considered declining the accommodations offered and would be treated as the employees' voluntary resignation.

Plaintiff requested and was granted a religious exemption to the mandatory vaccination policy with respect to the COVID-19 vaccine in or around August 2021. In October 2021, Geisinger provided Plaintiff instructions for picking up her COVID-19 testing supplies. Geisinger also provided Plaintiff with contact information for whom to contact with any questions about her testing supplies. Plaintiff failed to retrieve her testing supplies. In early 2022, Plaintiff still had not retrieved her testing supplies. Plaintiff missed mandatory test dates on three occasions and was therefore separated from employment with Geisinger for declining the accommodations offered to her.

Defendant intends to vigorously defend against the allegations raised in the Complaint and submits that this Honorable Court will conclude that Plaintiff's claims are entirely without merit.

1.2    The facts the parties <u>dispute</u> are as follows:

*All facts not expressly agreed upon below are in dispute.*

<u>agree</u> upon are as follows:
*The parties agree that Plaintiff was hired by Geisinger as a nurse in 2021. The parties agree that Plaintiff requested and was approved for a religious exemption to Geisinger's mandatory vaccination policy. The parties agree that Plaintiff agreed to submit to self-testing for COVID-19 twice per week as a condition of her religious accommodation. The parties agree that Plaintiff did not obtain her COVID-19 testing supplies in 2021 or early 2022. The parties agree that Plaintiff missed three mandatory test dates, received notice of each missed test, and ultimately received a letter indicating that she would be separated from employment with Geisinger for failing to submit the results of her COVID-19 tests on three mandatory test dates.*

1.3    The legal issues the parties <u>dispute</u> are as follows:

*The parties dispute all legal issues.*

<u>agree</u> upon are as follows:

*None.*

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

*None.*

1.5    Identify any named parties that have not yet been served:

*None.*

1.6    Identify any additional parties that:

plaintiff(s) intends to join:
*Any parties who the course of discovery reveal either participated in or are otherwise responsible for the underlying acts of discrimination alleged in the Complaint.*

      defendant(s) intends to join:

      *None.*

  1.7    Identify any additional claims that:

      plaintiff(s) intends to add:

*See 1.6 above.*

      defendant(s) intends to add:

      *None.*

## 2.0  Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

  2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

*Plaintiff and Defendant have not yet made any 26(a)(1) disclosures but will do so within the time provided by the Rules of Court.*

## 3.0  Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| *Motion for Summary Judgment* | *Defendant* | *Conclusion of Discovery* |

## 4.0  Discovery

  4.1    Briefly describe any discovery that has been completed or is in progress:

      By plaintiff(s):

*After initial disclosures are made by the parties, Plaintiff intends to serve written discovery on Defendant.*

      By defendant(s):

*After initial disclosures are made by the parties, Defendant intends to serve written discovery on Plaintiff.*

    4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

*Plaintiff and Defendant will exchange written discovery requests and will conduct depositions of individuals, which are likely to include those individuals named in the parties' Initial Disclosures.*

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

*None at this time. The parties will attempt to informally address any issues prior to seeking court intervention.*

    4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

*None anticipated.*

    4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later
modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits

    recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s): <u>3-5</u>        defendant(s): <u>3-5</u>

    4.5.2 interrogatories to be served by:

        plaintiff(s): <u>25</u>        defendant(s): <u>25</u>

    4.5.3  document production requests to be served by:

        plaintiff(s): <u>25</u>        defendant(s): <u>25</u>

    4.5.4  requests for admission to be served by:

        plaintiff(s): <u>25</u>        defendant(s): <u>25</u>

4.6  Discovery of Electronically Stored Information

**X** Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0  Protective Order**

5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

*The parties do not anticipate seeking a protective order in this matter.*

5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0  Scheduling**

    6.1    Final date for joining additional parties:

            <u>September 18, 2023</u> Plaintiff(s)
            <u>September 18, 2023</u> Defendants(s)

    6.2    Final date for amending pleadings:

            <u>September 18, 2023</u> Plaintiff(s)

            <u>September 18, 2023</u> Defendants(s)

    6.3    All fact discovery commenced in time to be completed by: *January 26, 2024*

    6.4    All potentially dispositive motions should be filed by: *March 26, 2024*

    6.5    Reports from retained experts due:

            from plaintiff(s) by *June 26, 2024*

            from defendant(s) by *July 25, 2024*

    6.6    Supplementations due *August 10, 2024*

    6.7    All expert discovery commenced in time to be completed by *August 1, 2024*

    6.8    This case may be appropriate for trial in approximately:

            ___ 240 Days from the filing of the action in this court

            ___ 365 Days from the filing of the action in this court

            <u>X</u>  <u>545</u> Days from the filing of the action in this court

    6.9    Suggested Date for the final Pretrial Conference:

    *December 2024* (month/year)

    6.10    Trial

        6.10.1 Suggested Date for Trial:

        *January 2025* (month/year)

## 7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)

    I hereby certify that the following individual(s) have settlement authority.

For the Plaintiff:

Anna Carellas (Plaintiff)

For the Defendant:

Cindy Sheridan, Associate Chief Legal Counsel
Geisinger Health

    May be contacted through the undersigned litigation counsel.

## 8.0 Alternative Dispute Resolution ("ADR")

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure

        *The parties agreed to evaluate possible mediation after initial discovery.*

        Date ADR to be commenced *Possibility of mediation to be explored following the exchange of initial discovery responses.*

        Date ADR to be completed *Unknown*

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: *N/A*

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _Y  **X_** N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   ____ Scranton/Wilkes-Barre
   ____ Harrisburg
   ____ Williamsport

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

*None at this time.*

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies

and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:   August 9, 2023   /s/ DARYL J. KIPNIS
Daryl Kipnis, Esq.
Kipnis Law Offices
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
732-595-5298
daryl@kipnislawoffices.com
*Attorney for Plaintiff*
☒   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)*


Dated:   August 9, 2023   /s/*Anthony (T.J.) Andrisano*
Anthony (T.J.) Andrisano, Esq.
Alyssa K. Stouder, Esq.
Buchanan Ingersoll Rooney PC
409 North Second Street, Suite 500
Harrisburg, PA 17101-1357
717-237-4968
anthony.andrisano@bipc.com
alyssa.stouder@bipc.com
*Attorneys for Defendant*
☒   ECF User(s)
☒   Waiver requested (as separate document)
☒   Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.